UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **THOMAS ALLGIRE**<br><br>**Plaintiff,**<br><br>-v-<br><br>**PRINCE-PARKER & ASSOCIATES, INC.**<br><br>**Defendant.** | **CASE NO.:** 1:18-cv-003175<br><br>**JUDGE:**<br><br>**COMPLAINT**<br>**JURY DEMAND ENDORSED HEREON** |

Plaintiff, Thomas Allgire, for his complaint against Prince-Parker & Associates, Inc., ("Defendant"), states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Indiana Deceptive Consumer Sales Act, I.C. 24-5-0.5 *et seq.* ("IDCSA"), for Defendant's unlawful collection practices as described herein.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692 and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business in the Southern District of Indiana and the events and/or omissions giving rise to the claims made herein occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff, Thomas Allgire ("Mr. Allgire"), is a natural adult person residing in Greenwood, Indiana, which lies within the Southern District of Indiana.

5. Mr. Allgire is a "consumer" as defined by § 1692a(3) of the FDCPA.

6. Mr. Allgire is a "person" as defined by I.C. 24-5-0.5-2(a)(2) of the IDCSA.

7. Defendant, Prince-Parker & Associates, Inc., is a North Carolina company in the business of collecting consumer debts on behalf of others within the State of Indiana and throughout the United States.  As such, Defendant regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

8. In its correspondences and on its website, Defendant identifies itself as a "debt collector."

9. Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

10. Defendant is a "supplier" as that term is defined by I.C. 24-5-0.5-2(a)(3) of the IDCSA.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

## FACTS SUPPORTING CAUSES OF ACTION

12. Mr. Allgire's medical conditions have prevented him from working, and he is currently in the process of filing for Social Security disability benefits.

13. Beginning in or around April 2, 2018, Mr. Allgire began receiving phone calls from an unknown phone number 800-276-2423.

14. Upon information and belief, 800-276-2423 is a phone number registered to Defendant.

15. On or around April 17, 2018, Mr. Allgire called the phone number back and was connected with an agent for Defendant (the "Phone Call").

16. The Phone Call was the initial communication between Mr. Allgire and Defendant concerning the Subject Debt.

17. During the Phone Call, Defendant's agent advised that Mr. Allgire owed Defendant an alleged debt in connection with a bill originally incurred to *AT&T* (the "Subject Debt").

18. During the Phone Call, Defendant's agent informed Mr. Allgire that Defendant acquired the Subject Debt from *AT&T* on April 2, 2018, and that Defendant began calling Mr. Allgire the same day the Subject Debt was acquired.

19. Despite the Phone Call being the initial communication between Mr. Allgire and Defendant concerning the Subject Debt, Defendant's agent failed to disclose to Mr. Allgire his rights under 15 U.S.C. § 1692g(a)(3)-(5), namely, Mr. Allgire's right to dispute the validity of the Subject Debt within thirty (30) days (the "G-Notice").

20. Despite failing to provide Mr. Allgire with the G-Notice, during the Phone Call or otherwise, Defendant's agent subsequently attempted to collect the Subject Debt from Mr. Allgire during the Phone Call.

21. Mr. Allgire never received any communication from Defendant which contained the G-Notice.

22. Defendant's demand for immediate payment from Mr. Allgire within the Phone Call – within the thirty (30) day debt verification period afforded Mr. Allgire pursuant to the G-Notice – ultimately overshadowed Mr. Allgire's rights.

23. Following the Phone Call, Defendant continued to call Mr. Allgire attempting to collect the Subject Debt.

## DAMAGES

24. Confused and concerned with Defendant's collection activity, Mr. Allgire reached out to his attorneys for assistance and clarification regarding his rights.

25. Mr. Allgire was misled by Defendant's collection activity concerning the Subject Debt.

26. Mr. Allgire justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from him using abusive, deceptive and unlawful means, and ultimately cause him unwarranted economic harm.

27. Due to Defendant's conduct, Mr. Allgire was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

28. After a reasonable time to conduct discovery, Mr. Allgire believes he can prove that all actions taken by Defendant as described herein were taken willfully and/or with knowledge that its actions were taken in violation of the law.

29. Due to Defendant's conduct, Mr. Allgire is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described herein.

## GROUNDS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### *15 U.S.C. §§ 1692e, e(10), f, g(a) and g(b)*

30. All prior paragraphs are incorporated into this count by reference.

31. The FDCPA states, in relevant part:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any

debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §§ 1692e and e(10).
"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.

"Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing – (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."  15 U.S.C. § 1692g(a)(3-5).

"Collection activities and communications that do not otherwise violate this title may continue during the thirty-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor.  Any collection activities and communication during the thirty-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."  15 U.S.C. § 1692g(b).

32.  Defendant violated 15 U.S.C. § 1692g(a) during the Phone Call.  By failing to disclose to Plaintiff the G-Notice during the Phone Call, the initial communication between the parties concerning the Subject Debt, or within five (5) days after the Phone Call, Defendant violated Section 1692g(a) of the FDCPA.

33.  Defendant also violated 15 U.S.C. §§ 1692e, e(10), f and g(b) during the Phone Call.  By demanding immediate payment from Plaintiff within the Phone Call, Defendant's collection activity was inconsistent with, and overshadowed, Plaintiff's rights under the FDCPA.  As such,

Defendant used abusive, deceptive and unfair means in connection with its collection of the Subject Debt.

34. As Plaintiff had no prior contractual relationship or dealings with Defendant, Plaintiff was justifiably confused and skeptical of the collection communications in relation to his rights under Section 1692(g) of the FDCPA.

35. As an experienced debt collector, Defendant knows that its representations to consumers concerning their rights under the FDCPA are required to be truthful, complete and accurate, and disclosed without any intent to mislead or deceive.  Defendant also knows that it must afford each consumer an opportunity to exercise his or her debt verification rights within the allotted thirty (30) day time period without excessive or inconsistent collection activity or communication with the consumer.

36. As set forth in paragraphs 24 through 29 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described in this complaint.

<u>**COUNT II**</u>
<u>**VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT**</u>
<u>***I.C. 24-5-0.5-3(a) and (b)(20)***</u>

37. All prior paragraphs are incorporated into this count by reference.

38. The IDCSA states, in relevant part:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.), including any rules or

6

regulations issued under the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.)." I.C. 24-5-0.5-3(b)(20).

"A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

39. Defendant's collection activity on the Subject Debt is a "consumer transaction" as that term is defined by the IDCSA at I.C. 24-5-0.5-2(a)(1)(C).

40. Defendant engaged in unfair, abusive, and deceptive conduct in its transactions with Plaintiff, in violation of I.C. 24-5-0.5-3(a) and (b)(20), by, *inter alia*, demanding immediate payment from Plaintiff despite failing to provide the G-Notice disclosure to Plaintiff, ultimately overshadowing, and acting inconsistently to, Plaintiff's rights under the FDCPA.

41. Defendant intended that Plaintiff rely on its unlawful communication in order to procure immediate payment of the Subject Debt. As such, Defendant committed a "willful deceptive act" as that term is used and/or contemplated within the IDCSA.

42. As set forth in paragraphs 24 through 29 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

43. Plaintiff is therefore entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Thomas Allgire, respectfully requests that this Court enter judgment in his favor as follows:

a) Awarding Plaintiff actual damages, in amounts to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1) and I.C. 24-5-0.5-4(a)(1)(2);

b) Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

c) Awarding Plaintiff statutory damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);
d) Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3); and

e) Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 12th day of October, 2018.   Respectfully Submitted,

*/s/ Geoff B. McCarrell*
Geoff B. McCarrell #0086427
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
435 N. Michigan Ave., Suite 1609
Chicago, Illinois 60611
(267) 422-1000 (phone)
(267) 422-2000 (fax)
geoff.m@consumerlawpartners.com

*Counsel for Plaintiff*

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

*/s/ Geoff B. McCarrell*
Geoff B. McCarrell #0086427
CONSUMER LAW PARTNERS, LLC

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF INDIANA          )
                          ) ss
COUNTY OF JOHNSON         )

Pursuant to 28 U.S.C. § 1746, Plaintiff, Thomas Allgire, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this Complaint is not interposed for any improper purpose, such as to harass Defendant, cause unnecessary delay to Defendant, or create a needless increase in the cost of litigation to Defendant.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 12th day of October, 2018.

_____
Signature

9